UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

MICHAEL A. WILLIAMS,                    )
                                        )
      Plaintiff,                        )         Civil No. 5:20-cv-450-GFVT
                                        )
v.                                      )
                                        )         **MEMORANDUM OPINION**
COMMONWEALTH OF KENTUCKY,               )         **AND ORDER**
                                        )
      Defendant.                        )
                                        )

*** *** *** ***

Michael A. Williams is an inmate currently confined at the Boyle County Detention Center ("BCDC"). Proceeding without an attorney, Mr. Williams has submitted a document styled as a "Motion for Civil Action 42 U.S.C.A. 1983," asking the Court to "grant damages" based on a "violation of arraignment" in state court. [R. 3.] He also submits a two-page "Notice" regarding his motion [R. 1] alleging that, although he was indicted and arrested on a warrant issued in Mercer County, Kentucky, he has not yet been arraigned on those charges. He claims violations of his Sixth and Fourteenth Amendment rights. [R. 1.] For administrative purposes, the Clerk of the Court has docketed his "Notice" as a civil complaint filed pursuant to 42 U.S.C. § 1983. Williams has neither paid the $350.00 filing fee and the $50.00 administrative fee nor filed a motion to pay the filing fee in installments pursuant to 28 U.S.C. § 1915.

This is not Mr. Williams' first attempt to pursue claims related to his ongoing criminal proceedings. Since September 2020, Mr. Williams has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 claiming a violation of his right to a Speedy Trial, *Williams v. Commonwealth*, 5:20-cv-404-KKC (E.D. Ky. 2020), and two other pleadings (docketed as

1

civil complaints filed pursuant to 42 U.S.C. § 1983 for administrative purposes) related to his pre-trial confinement. *Williams v. Commonwealth*, 5:20-cv-416-WOB (E.D. Ky. 2020); *Williams v. Commonwealth*, 5:20-cv-442-DCR (E.D. Ky. 2020). Both of his attempts to bring civil claims were dismissed for procedural reasons, with clear instructions on how to properly proceed if Mr. Williams wished to pursue his claims. Specifically, he was instructed that if he wished to file civil complaint, he must complete and file his complaint on the court-approved form, LR 5.3(a), and either pay the $350.00 filing fee and the $50.00 administrative fee, or filed a motion to pay the filing fee in installments under 28 U.S.C. § 1915.

Mr. Williams has failed to heed these clear instructions and has instead filed pleadings in this case similar to those that have been previously been rejected by the Court. Mr. Williams again did not file his pleading filed on the complaint form approved for use by this Court, as is required by the Court's Local Rules. *See* LR 5.3(a). Nor did Williams pay the filing fee or file a motion to proceed *in forma pauperis*.

In addition to these procedural deficiencies, Mr. Williams' pleadings fails to state a claim for which relief may be granted.[1] Mr. Williams' "Motion for Civil Action" seeks damages from Defendant Commonwealth of Kentucky for unspecified "violations" related to his arraignment and initial appearance in his pending state criminal matter. [R. 3.] However, the Eleventh Amendment of the United States Constitution specifically prohibits federal courts from exercising subject matter jurisdiction over a suit for money damages brought directly against a

---

[1] A complaint filed by a prisoner without payment of the filing fee is subject to initial screening by the Court by 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). When reviewing the plaintiff's complaint at this stage, the Court accepts all non-conclusory factual allegations as true and liberally construes its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

state, its agencies, and state officials sued in their official capacities. *Brent v. Wayne Co. Dept. of Human Servs.*, 901 F. 3d 656, 681 (6th Cir. 2018); *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 687-88 (1993). Such entities are also not suable "persons" within the meaning of 42 U.S.C. § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 324–25 (1981); *Kanuszewski v. Mich. Dept. of Health and Human Servs.*, 927 F. 3d 396, 417 n.11 (6th Cir. 2019). *See also Will v. Mich. Dept. of State Police*, 491 U.S. 58, 63–67, 71 (1989).

Kentucky itself is plainly entitled to immunity, and, to the extent that Mr. Williams' claim is actually against the prosecutors in his criminal case, the Commonwealth's Attorney Office also qualifies as an "arm of the state" for Eleventh Amendment purposes. *Joseph v. Office of Perry Cty. Com. Attorney*, No. 6:14-cv-97-KKC, 2014 WL 2742796, at *2 (E.D. Ky. June 16, 2014) ("The Commonwealth's Attorney's office, which is a constitutionally-established office of the state government, is without question an integral extension of the state such that suit against the office may be legitimately classified as brought against the Commonwealth.") (internal quotation marks omitted). For these reasons, his allegations fail to state a claim for which this Court may grant relief.

To the extent that Mr. Williams complains about the ongoing criminal prosecution against him (including his claims of a Speedy Trial violation), the relief he seeks is available only through habeas corpus. *Cf. Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (noting that "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.' He must seek federal habeas corpus relief (or appropriate state relief) instead.") (citations omitted). However, Mr. Williams has already filed a § 2241 petition claiming that his Speedy Trial rights were being violated. *Williams v. Commonwealth*, 5:20-cv-404-KKC (E.D. Ky. 2020). That petition was denied, as the Court found that "considerations of federalism and

3

comity strongly counsel against this Court's intrusion into Mr. Williams' Kentucky criminal proceedings." *Id*. at R. 5, p. 4.  While the Court denied Mr. Williams' § 2241 petition without prejudice to afford him the opportunity to exhaust his remedies available through the Kentucky court system prior to seeking federal habeas relief, a review of the state court records shows that Mr. Williams has not done so.[2]  Mr. Williams fails to provide any reason why this Court should now reach a different conclusion.  And, even if he did, such a claim may only be pursued in a habeas action, not in a civil action filed pursuant to 42 U.S.C. § 1983.

For all of these reasons, the Court finds that dismissal of Mr. Williams' "Notice" [R. 1], docketed as a complaint for administrative purposes, without prejudice is appropriate.  Similarly, Mr. Williams' "Motion for Civil Action 42 U.S.C.A. 1983" [R. 3] will be denied without prejudice.

Accordingly, it is **ORDERED** as follows:

1.  The "Notice" filed by Plaintiff Michael A. Williams **[R. 1]**, docketed as a complaint for administrative purposes, is **DISMISSED WITHOUT PREJUDICE**;

2.  Mr. Williams' "Motion for Civil Action 42 U.S.C.A. 1983" **[R. 3]** is **DENIED WITHOUT PREJUDICE**;

3.  The Court will enter an appropriate judgment; and

---

[2] The Court notes that a review of the state court record shows that Mr. Williams filed a motion for a speedy trial in the Mercer Circuit Court on August 3, 2020.  *See Commonwealth v. Williams*, No. 20-cr-047 (Mercer Cir. Ct. 2020), available at https://kcoj.kycourts.net/CourtNet/Search/Index (last viewed on December 7, 2020).  The online records do not reflect that the Mercer Circuit Court has ruled on Mr. Williams' motion.  However, even if Mr. Williams' request for relief had been denied, he is still required to have pursued his claims further with the Kentucky Court of Appeals and/or the Supreme Court of Kentucky before pursuing his claims in this Court.

4.      This matter is **STRICKEN** from the active docket.

This 8th day of December, 2020.



Gregory F. Van Tatenhove
United States District Judge